

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALBERT BIANCHINI** | **CIVIL ACTION NO.** |
| **VERSUS** | **08-4118** |
| **MICHAEL WEISER, JOHN M. BRIMER, JR., SCHUBERT'S MARINE, AND XYZ INSURANCE CORPORATION** | **SECTION:** **SECT. R MAG. 3** |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Albert Bianchini ("Bianchini") who, alleges upon information and belief as follows:

### JURISDICTION

1.

On July 31, 2008, Bianchini sued the same defendants in this litigation in that suit entitled "Albert Bianchini versus Michael Weiser, et al, Civil Action No. 08-7921, Section J-13, Civil District Court, Parish of Orleans, State of Louisiana".

2.

Out of an abundance of caution, Bianchini files the instant litigation in case the facts of the case are exclusive admiralty jurisdiction pursuant to 28 U.S.C. Section 1333 and 46 U.S.C. Section 30101 and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

Fee $350
✓ Process
X Dktd
___ CtRmDep
___ Doc. No.

## PARTIES

3.

Made Defendants herein are:

**MICHAEL WEISER**, a resident of the Parish of Orleans at 126 South Roadway, West End Park, New Orleans, Louisiana 70124 individually and doing business as Schubert's Marine at 126 South Roadway, West End Park, New Orleans, Louisiana 70124;

**JOHN W. BRIMER, JR.**, a resident of the Parish of Jefferson at 4424 Richland Ave., Metairie, Louisiana 70002 individually and doing business as Schubert's Marine at 126 South Roadway, West End Park, New Orleans, Louisiana 70124;

**SCHUBERT'S MARINE**, an unincorporated business located at 126 South Roadway, West End Park, New Orleans, Louisiana 70124;

**XYZ INSURANCE COMPANY**, the liability insurer insuring the negligent acts of Schubert's Marine.

4.

Bianchini is the owner of a 45 foot Lancer sailing vessel sloop named ETELKA (hereinafter sometimes referred to as "ETELKA").

5.

On or about August 3, 2007, Bianchini contracted with the Defendant's to perform those repairs to the ETELKA more fully described in the Invoice Number 620736 dated August 3, 2007.

6.

As part of the repairs, Defendant's pulled the ETELKA out of the water, performed the repairs to the bottom of the said vessel, and then placed the vessel into the water and secured the vessel to Defendant's dock.

7.

While the ETELKA was in the custody and control of Defendant's, on August 8, 2007, Defendant's negligently caused damages to the ETELKA by:

a. Negligently failing to properly tie up the ETELKA thereby causing said vessel to become lodged under the dock of Schubert's Marine upon the rising of high tide causing said vessel to take on significant volumes of water;

b. Negligently leaving open a value in the vessel;

c. Negligently failing to properly supervise its employees or agents;

d. Negligently failing to train its employees or agents;

e. Such other acts of negligence to be proven at trial on the merits.

8.

On August 8, 2007, Defendant's caused the following damages to the ETELKA:

a. Water damages to the ETELKA including damages to the flooring, air conditioning system, water transfer pump, fuel system, refrigeration system, battery and charging system, alternator system, water heating system, electrical system, and various content damages including vacuum cleaner and dingy inflator pump;

b. Repair cost including the time spent by Plaintiff to repair the ETELKA;

c. Loss of use of the ETELKA from the date of damages;

d. Incursion of extra expenses due to the loss of use of said vessel including rent;

e. The attempted repairs resulted in further damages including residual sawdust which clogged and will clog up the bilge system until removed, smaller hatch, and such other damages to be proven at trial on the merits;

f. The attempted repair of the flooring was grossly inadequate and must be removed and replaced;

g. Such other damages to be proven at trial on the merits;

9.

Defendants admitted that they caused the above damages and promised Bianchini that they would repair the damages.

10.

For five months after negligently damaging the ETELKA, Defendants promised to repair the damages caused by them and attempted to repair the ETELKA but failed to properly do so despite amicable demand from Bianchini.

11.

Defendants were paid to repair the following items which were not repaired:

a. Macerator;

b. Such other items to be proven at the trial on the merits;

12.

Michael Weiser and John W. Brimer, Jr. are doing business as Schubert's Marine.

WHEREFORE, Albert Bianchini demands judgment against MICHAEL WEISER, individually and doing business as Schubert's Marine, JOHN W. BRIMER, JR. individually and doing business as Schubert's Marine, SCHUBERT'S MARINE, and XYZ INSURANCE

COMPANY, for all compensatory damages plus interest on that amount, costs of suit and attorney fees, and all such other equitable relief deemed just and proper by the Court.

                                    Respectfully Submitted,

                                    LARRY D. DYESS, A PROFESSIONAL LAW CORPORATION

BY: _____
        LARRY D. DYESS (La. Bar No. 19555)
        4637 Jamestown Ave., Suite C
        Baton Rouge, Louisiana 70808
        (225) 928-0019    Phone
        (225) 924-0141    Facsimile

        Counsel for Albert Bianchini

SERVICE INSTRUCTION:

Please serve   **MICHAEL WEISER**, at 126 South Roadway, West End Park, New Orleans, Louisiana 70124;

        **JOHN M. BRIMER, JR.**, at 126 South Roadway, West End Park, New Orleans, Louisiana 70124;

        **SCHUBERT'S MARINE** at 126 South Roadway, West End Park, New Orleans, Louisiana 70124;

Please withhold service at this time on:

**XYZ INSUARANCE CORPORATION**